IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ERIC D. HODGE, #2274041 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv340 |
| DIRECTOR, TDCJ-CID. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Eric D. Hodge, a prisoner confined at the Walls Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this habeas corpus proceeding. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report concerns only Petitioner's motion for summary judgment, (Dkt. #19). For the for the foregoing reasons, Petitioner's motion should be denied.

**I. Hodge's Motion**

Hodge maintains that the Respondent has not shown that the state court failed to forward his 11.07 habeas application "in the time prescribed by law." He argues that the 7th District Court of Smith County and the Texas Court of Criminal Appeals failed to afford him his right to access the courts for 2.5 years until the filing of this proceeding. Hodge further argues that he exhausted his state court remedies but was "met with a manipulative designed tactic done by state officials in [their] individual capacities," (Dkt. #19, pg. 2).

**II. Legal Standards**

A court shall grant summary judgment only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."

Rule 56(c), Fed. R. Civ. P. In determining whether there is a genuine dispute of a material fact, the court must examine the evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. *See S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1994). Summary judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).

The United States Court of Appeals for the Fifth Circuit has held that summary judgment disposition is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *See Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). It is not the function of the trial judge—in ruling on a motion for summary judgment—to weigh the evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence. *Id*. at 567 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

**III. Discussion and Analysis**

As an initial matter, the Court issued an order, (Dkt. #5), directing Respondent to answer Hodge's habeas petition. Respondent filed its answer on December 22, 2021, (Dkt. #12). Hodge then filed a response, (Dkt. #18), and the Court issued an order for an updated answer, (Dkt. #22). Respondent filed an additional answer, (Dkt. #24), supplement to its answer, (Dkt. #27), on November 29, 2022. Hodge filed another response.

Hodge has failed to show that no disputed issues of fact exist in this habeas proceeding, thereby precluding summary judgment at this time. The Court is reviewing the answer, the updated answer, and the most recent supplement—as well as Hodge's responses to the same. Hodge has not shown that he is entitled to a judgment as a matter of law.

## RECOMMENDATION

Accordingly, it is recommended that Petitioner Hodge's motion for summary judgment, (Dkt. #19), be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 12th day of January, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE