IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ERIC D. HODGE, #2274041 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv340 |
| DIRECTOR, TDCJ-CID. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Eric D. Hodge, a prisoner confined at the Wainwright Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this habeas corpus proceeding. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. For reasons explained below, the Court recommends that the petition be denied, and the case dismissed with prejudice.

**I. Procedural History**

In case number 007-350-19, Hodge pleaded guilty to committing the state-jail felony offense of evading arrest in Smith County, Texas. On June 25, 2019, he was sentenced to twelve months' imprisonment, (Dkt. #25, pg. 31). Hodge did not file a direct appeal but filed a state habeas petition in October 2019. He also filed this federal habeas proceeding in August 2021—before the Texas Court of Criminal Appeals could rule on his state application. The Texas Court of Criminal Appeals ultimately dismissed the state habeas application on January 12, 2022, because Hodge discharged his sentence. *Id*. at pg. 96.

**II. Hodge's Federal Petition**

In his petition, Hodge explains that he is challenging his conviction in case number 007-350-19. He maintains that his due process rights were violated because the state court "failed to forward" his state habeas application to the Texas Court of Criminal Appeals—which led to "false imprisonment and a wrongful conviction by disobeying the writ," (Dkt. #1, pg. 6).

**III. Respondent's Answers and Hodge's Responses**

Respondent filed an answer, (Dkt. #12), addressing Hodge's petition. Respondent maintained that Hodge's petition must be dismissed because he failed to exhaust his required state court remedies prior to filing his federal petition—as his state habeas application was still pending. Hodge filed a response, (Dkt. #18), arguing that the state court failed to forward his application to the Texas Court of Criminal Appeals as required.

A review of the state court docket showed that Hodge's application had been disposed of, prompting this Court to order an updated answer from the Respondent. Respondent filed an updated answer on November 1, 2022, (Dkt. #24), asserting that the Texas Court of Criminal Appeals dismissed Hodge's habeas application on January 12, 2022, and that his federal petition should be dismissed for lack of subject matter jurisdiction because Hodge fully discharged his sentence in 007-350-19.

Hodge filed another response, (Dkt. #26), stating that he "tried to challenge his final felony conviction within the time limits mandated by the T.C.C.P. Art. 11.07" but was met with "circumstances" that was ineffective to protect his constitutional rights. He complains about the delay in both forwarding his application to the Texas Court of Criminal Appeals and receiving a response to his application—a delay prompting him to file a petition for a writ of mandamus in state court. Hodge insists that he "had no choice" other than to file his section 2254 proceeding.

**IV. Standard of Review**

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's

judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the highly deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

## V. Discussion and Analysis

Hodge's petition should be denied. He identifies no violation of any federal constitutional right. As an initial matter, his claims are not cognizable under federal habeas review because any infirmities in a state habeas proceeding do not constitute grounds for relief in federal court. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1990) (explaining that "[o]ther circuits have similarly decided that habeas corpus relief is not available to correct alleged errors in state habeas proceedings). In other words, errors within state habeas proceedings do not present federal habeas concerns—as a petitioner's challenge to those errors is not a challenge to his detention. *See Nichols v. State*, 69 F.3d 1255, 1275 (5th Cir. 1995) (holding that "[a]n attack on a state habeas proceeding does not entitle the petitioner to habeas relief with respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.").

Here, similarly, Hodge is attacking the state habeas court proceedings—namely, the trial court's purported failure to forward his state habeas application to the higher court, denial of a mandamus stemming from that alleged failure, and seemingly the delay in receiving a resolution on his state application. These contentions are unrelated to his detention, or underlying conviction for evading arrest, and are instead challenges collateral to his detention and conviction. A review of Hodge's pleadings in this case reveal that he does not directly challenge his underlying conviction and presents no denial of a federal constitutional right. *See, e.g.*, *Kelly v. Cockrell*, 72

F. App'x 67, 78 (5th Cir. 2003) (affirming district court's denial of habeas relief, which stated that "[b]ecause there is no constitutional right to state post-conviction review, irregularities occurring during such review do not state a claim for relief in federal habeas corpus."). Because Hodge is merely challenging the state habeas court proceedings, his federal petition should be denied.

To the extent that Hodge maintains that he was denied his right to access the courts and seeks monetary damages, such claim sounds in civil rights rather than a habeas proceeding. When a prisoner combines habeas claims and civil rights claims in a single case, "and the claims can be separated, federal courts should do so." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). Ordinarily, the Court would sever the portion of the petition that raises civil rights claims that should have been brought in a separate action pursuant to 42 U.S.C. § 1983.

However, to the extent Hodge's allegations of a violation to his right to access the court was intended to act as a civil rights claim, it is so clearly without merit that the Court declines to sever. Inmates have the constitutional right to access legal materials, and prison officials may not deny inmates access to courts. *See Clewis v. Hirsch*, 700 F. App'x 347, 348 (5th Cir. 2017) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). Prisoners must demonstrate an actual injury to demonstrate a violation of this right. *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (explaining that the Supreme Court, in *Lewis*, "held that an inmate alleging denial of access to courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct.").

Here, however, Hodge does not sufficiently plead actual injury—as he is complaining that the state court failed to timely forward his habeas application, denial of a mandamus, and seemingly a delay in receiving a resolution. The Court further notes that the state habeas court issued findings of fact and conclusions of law concerning his state application, (Dkt. #25-1, pg. 76-81). Pleadings that are ultimately ruled upon cannot serve as a basis for denial of access to

courts. Accordingly, the Court declines to separate this civil rights claim from Hodge's habeas proceeding. *See, e.g.*, *Moore v. Tex. Court of Criminal Appeals*, 561 F. App'x 427,430 (5th Cir. 2014) (citing *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) (holding that "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits.")).

Moreover, as Respondent highlights, Hodge fully discharged his twelve-month sentence in case number 007-350-19. He is not "in custody" for purposes of the AEDPA. The Supreme Court had held that subject matter jurisdiction for federal habeas corpus has never been "extended [] to the situation where a habeas petitioner suffers no present restraint from conviction." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). In *Maleng*, the Supreme Court specifically held that a habeas petitioner is not "in custody" for habeas purposes "under a conviction after the sentence imposed for it has fully expired." *Id.*; *see also Romero v. Davis*, 813 F. App'x 930, 932 (5th Cir. 2020) ("Because Romero fully discharged his sentence on that conviction, he cannot challenge it in a § 2254 application.").

Even if a conviction is later used to enhance a criminal sentence, a petitioner may not challenge the enhanced sentence through section 2254 on the grounds that the prior, underlying conviction was unconstitutional. *See Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 403-404 (2001); *see also Acosta v. Texas*, 2017 WL 4574617, at *1 (5th Cir. June 6, 2017) (unpublished) ("If the petitioner was no longer serving the challenged judgment when he filed his § 2254 petition because he fully discharged the sentence imposed upon that judgment, the 'in custody' requirement is not met…").

Here, at the time Hodge filed this section 2254 proceeding challenged case number 007-350-19, he fully discharged the sentence imposed on him for that offense. Respondent attached an

6

affidavit from Charley Valdez, (Dkt. #27-1), Program Supervisor V for the Classification and Records Department within TDCJ, who explained that Hodge discharged this sentence on May 4, 2020. Mr. Valdez provided the following:

| Offenses | County | Cause Number | Sentence | Offense Date | Sentence Date | Sentence Begin Date | Projected Mandatory Supervision Release Date | Maximum Discharge Date |
|---|---|---|---|---|---|---|---|---|
| Evading Arrest Detention | Smith | 007-0007-19 | 12 Years | 10/11/2018 | 06/25/2019 | 02/03/2019 | 01/13/2024 | 02/03/2031 |
| Evading Arrest Detention | Smith | 007-0350-19 | 1 Year | 09/02/2018 | 06/25/2019 | 05/06/2019 | | Discharged 05/04/2020 |

Dkt. #27-1, pg. 4. Accordingly, given that Hodge filed this petition in August 2021, (Dkt. #1), he had already discharged his sentence for the conviction which he currently challenges. While he remains imprisoned for a separate sentence, he is not "in custody" for purposes of case number 007-350-19. Hodge's petition should therefore be denied.

**VI. Certificate of Appealability**

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Hodge failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed, with prejudice, for lack of subject matter jurisdiction. It is further recommended that Petitioner Hodge be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 9th day of March, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE